

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2009

# Kenneth Abraham v. Dept Corr DE

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kenneth Abraham v. Dept Corr DE" (2009). *2009 Decisions.* Paper 1165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-194                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4446

KENNETH R. ABRAHAM,
                                        Appellant

v.

DELAWARE DEPARTMENT OF CORRECTIONS;
COMMISSIONER CARL C. DANBERG;
WARDEN PERRY PHELPS;
RONNIE MOORE, Health Care Services Administrator DCC;
DR. SPENCE, Master Counselor in the Greentree Treatment Program,
ANY AND ALL OTHER DEPARTMENT OF CORRECTIONS
STAFF ADMINISTERING THE GREENTREE PROGRAM
AT ALL DEPARTMENT OF CORRECTIONS FACILITIES
WHOSE NAMES AND TITLES SO FAR ARE UNKNOWN
TO KENNETH ABRAHAM

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-08-cv-00452)
District Judge:  Honorable Sue L. Robinson

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: June 19, 2009)

PER CURIAM

Kenneth Abraham, an inmate at the James T. Vaughn Correctional Center, appeals from an order by the District Court denying his petition for declaratory judgment and injunctive relief. For the reasons that follow, we will summarily affirm.

In May 2008, Abraham filed a petition for declaratory judgment and injunctive relief and a motion for leave to proceed in forma pauperis. Abraham requested that the GreenTree Program, a drug treatment program operated by the Department of Corrections, be declared unlawful and unconstitutional. Abraham asserted that due to the "gross inaction" of the Department of Corrections personnel, the GreenTree Program was "incompetent, ineffective, and grossly mismanaged," and that "the activities of the inmates in charge [of the program] violate the 8th and 1st Amendments." According to Abraham, if an inmate participating in the GreenTree Program does not agree with the inmates in charge, this may be construed as a failure to obey, which in turn could delay or prevent completion of the program; and this, Abraham alleged, could lead to increased incarceration. Abraham conceded, however, that he is not currently participating in the GreenTree Program because he has been housed in SHU for a two-year term.

Because Abraham was proceeding in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915A and determined that he failed to state a claim upon which relief may be granted. The District Court determined that Abraham

2

was not entitled to declaratory judgment or injunctive relief, that amending the complaint would be futile, and that dismissal was appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1). Abraham timely appealed.

We exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we conclude that the District Court properly dismissed Abraham's petition, for reasons given by the District Court.

The Declaratory Judgment Act permits a federal court the discretion to "declare the rights and other legal relations of any interested party seeking such declaration," when there is a "case of actual controversy." 28 U.S.C. § 2201; see also Green v. Mansour, 474 U.S. 64, 72 (1985); Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990). A "case of actual controversy" means one of a justiciable nature. Ashwander v. Tennessee Valley Auth., 297 U.S. 288, 325 (1936). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241 (1937).

Abraham cannot show he is entitled to declaratory judgment because he has not shown that an "actual controversy" exists. As the District Court noted, Abraham does not present a controversy of justiciable nature. Prisoners have no constitutional right to drug treatment or other rehabilitation. See Rhodes v. Chapman, 452 U.S. 337, 348, (1981) ("Prisoners have no constitutional right to rehabilitation, education, or jobs"). Abraham's complaints over the alleged lack of content and mismanagement of the GreenTree

3

Program do not provide a legal basis on which relief could be granted. His petition also does not provide sufficient factual allegations that could entitle Abraham to relief based on, for example, violations of the First and Eighth Amendments. Cf. Warner v. Orange County Dep't of Probation, 115 F.3d 1068, 1074-75 (2d Cir. 1997) (finding a first amendment violation where a prisoner was required to participate in a drug or alcohol rehabilitation program with a religious component); Kerr v. Farrey, 95 F.3d 472, 479 (7th Cir. 1996); Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985) (to show an Eighth Amendment violation, an inmate must show "a pervasive risk of harm to inmates from other prisoners," and that the prison officials have displayed "deliberate indifference" to the danger [citations omitted]). Finally, because Abraham is not currently participating in the GreenTree Program and merely speculates about what could happen to him once he is allowed to participate in the future, he cannot show that an actual controversy exists justifying declaratory relief. Aetna, 300 U.S. at 240-41.

Abraham also cannot demonstrate that he is entitled to injunctive relief. "The requisite for injunctive relief has been characterized as a "clear showing of immediate irreparable injury," or a "presently existing actual threat; (an injunction) may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980) (citing Ammond v. McGahn, 532 F.2d 325, 329 (3d Cir. 1976), Holiday Inns of America, Inc. v. B & B Corporation, 409 F.2d 614, 618 (3d Cir. 1969)). As stated above, Abraham cannot meet the requisites

4

for injunctive relief because he has no right to drug treatment or rehabilitation programs. Furthermore, given that he is currently housed in SHU and not participating in the GreenTree Program, he cannot show any immediate irreparable injury or presently existing actual threat. We agree with the District Court that it would have been futile to allow Abraham to file an amended complaint.

As Abraham's appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Appellant's motions to expedite, for counsel, for summary action, and for an injunction are denied. Appellee's motion to summarily dismiss is also denied.